

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 1, 1971

Honorable A. C. Turner                    Opinion No. M-981
Chairman
Board of Pardons and Paroles             Re:  Authority of Board
Room 501                                      of Pardons and Paroles
John H. Reagan Building                       to commute the Death
Austin, Texas   78701                         Sentence to a Life
                                              Sentence upon reversal
                                              of penalty in a case
                                              by the United States
                                              Supreme Court under
                                              facts presented, and
Dear Mr. Turner:                              related question.

        You have recently requested an opinion on the following
facts:

            "This Board would like to know if it has
        the authority, under the law, to commute the
        DEATH sentence to a LIFE sentence in view of
        the action by the United States Supreme Court
        in reversing the penalty in this case.  Can
        this Board act in this case without the ap-
        plication of the inmate for a Commutation of
        Sentence?

            "In view of the ruling of the United
        States Supreme Court in this case, is this
        inmate under a DEATH sentence at this time,
        and what action can this Board take under the
        law?

            "Is this Board required to have a hearing
        in the event it has the authority to act in
        this case?

            "Did the defendant request a Commutation
        of Sentence in his action to the Supreme Court
        of the United States?"

        In keeping with our policy of not giving opinions on matters
presently in litigation we cannot answer your questions regarding

-4784-

the Quintana case. However, for your guidance, we will honor your request for advice in this general area. This advice does not necessarily control any specific case.

Article 48.01, C.C.P., provides,

"In all criminal cases, except treason and impeachment, the Governor shall have power, after conviction, on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof, to grant reprieves and commutations of punishments and pardons; . . ."

This Article is taken verbatim from the second paragraph of Article IV, Section 11 of the Texas Constitution.

The power of the Governor to grant commutations of punishment after conviction, has been provided in the Constitution of Texas from its inception. Although Article IV, Section 11 of the Texas Constitution has been amended, this basic grant of authority remains unchanged, except it now provides that the Governor has this power "on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof".

This constitutional power of the Board of Pardons and Paroles and the Governor can be exercised at any time "after conviction". In this context the phrase "after conviction" means after a finding of guilty. As Stated by the Court in Snodgrass v. State, 150 S.W. 162 (Tex.Crim. 1912),

" . . . Under the common law, a person was said to be convicted of the crime when verdict was rendered thereon adjudging him guilty, . . ." (at p. 172).

" . . .

" . . . The foregoing references show that the ordinary meaning of the word 'conviction' is the verdict of guilty pronounced by a jury. . ." (at p. 173).

" . . . Thus it is seen that the terms 'after conviction' in our Constitution do not embrace the sentence, but simply mean the determination of

guilt by the tribunal authorized to try the issue
of guilt or innocence of a defendant, and the
person becomes subject to pardon whenever that
issue is finally determined." (at p. 174).

This interpretation is supported by the language of
Article IV, Section 11A, added to the Texas Constitution in
1935. Section 11A granted authority to the Courts of Texas
having original jurisdiction of criminal actions to suspend the
imposition or execution of sentences and place defendants on
probation "after conviction". In Article IV, Sections 11 and
11A of our Constitution, the term "after conviction" means only
that the defendant must have been found guilty. The executive
power to commute attaches as soon as punishment is assessed,
without regard to whether the conviction is on appeal or has
become a "final" conviction. Davenport v. State, 78 S.W.2d
605 (Tex.Crim. 1935); Goss v. State, 298 S.W. 585 (Tex.Crim.
1927); 138 ALR 1162, 1164.

Therefore, even though a death penalty conviction may be
on appeal, the executive power to commute that death sentence
to life imprisonment exists. Even though the United States
Supreme Court may reverse a judgment insofar as it imposes
the death penalty and remand the case back to the Texas Courts
for further proceedings in conformity with its judgment, unless
and until the Texas Court takes final action on the case, it is
still a conviction subject to the executive power to commute.

"Commutation of sentence means the change of
the punishment assessed to a less severe one. It
differs from a pardon in that it may be imposed
without consent of the convict or against his will."
Ex Parte Lefors, 303 S.W.2d (Tex.Crim. 1957).

The Board of Pardons and Paroles can recommend to the
Governor that a death sentence be commuted to life imprisonment,
and the Governor, pursuant to such recommendation, can commute
the sentence without consent of the convict. Neither do we find
in our laws any requirement that the Board of Pardons and Paroles
conduct a hearing before it recommends commutation nor before
commutation is given.

## S U M M A R Y

The questions regarding a specific case
presently in litigation are unanswered. However,
the Board of Pardons and Paroles generally can

recommend and the Governor, based on such recommendation, can commute a death sentence to life imprisonment even though the conviction is on appeal and has not been finally determined by the Texas Courts.  The Board and Governor may do the same even though the United States Supreme Court may reverse a judgment insofar as it imposes the death penalty and remands the case to the Texas Court for further proceedings in conformity with its judgment, so long as the Texas Court has taken no final action in the case.

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. Barton Boling
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Dunklin Sullivan
Gordan Cass
Sam Jones
Bob Lattimore

SAM MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant